# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, CDCR #J-13647,<br><br>Plaintiff,<br><br>vs.<br><br>DINA M. PATZLOFF, et al.,<br><br>Defendants. | Civil No.   10cv0437 IEG (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO PARTIAL FILING FEE AND GARNISHING $ 350 BALANCE FROM PRISONER'S TRUST ACCOUNT PURSUANT TO 28 U.S.C. § 1915(a) [Doc. Nos. 2, 4];**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. No. 3];**<br><br>**AND**<br><br>**(3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Danny James Cohea ("Plaintiff"), a state prisoner currently incarcerated at Corcoran State Prison located in Corcoran, California, and proceeding in pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.

/ / /

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he has filed two Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2, 4], and a Motion for Temporary Restraining Order [Doc. No. 3].

# I.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that

the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motions to Proceed IFP [Doc. Nos. 2, 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, in giving liberal interpretation to a

pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### A.  42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.  Rule 8

As a preliminary matter, the Court finds that Plaintiff's Complaint fails to comply with Rule 8. Specifically, Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(1) & (2). Plaintiff's Complaint is rambling and nearly incomprehensible. Moreover, it is nearly ninety (90) pages and names forty five (45) defendants. If Plaintiff chooses to file an Amended Complaint, he must not only comply with Rule 8, he must abide by S.D. CIVLR 8.2(a) (providing that complaints by prisoners must use the court approved form and may attach no more than fifteen (15) additional pages.)

### C.  Equal Protection Claims

While not entirely clear, Plaintiff alleges that his right to equal protection under the laws was denied when he was placed in administrative segregation following a disciplinary hearing. The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985). In order to state a claim under § 1983 alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must

1  allege facts which demonstrate that he is a member of a protected class.  *See Harris v. McRae*,
2  448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne v. Cleburne Living Ctr.*, 473
3  U.S. 432, 440-41 (1985) (listing suspect classes).  In this matter, Plaintiff has neither sufficiently
4  plead that he is a member of a suspect class nor has he plead adequate  facts to demonstrate that
5  Defendants acted with an intent or purpose to discriminate against him based upon his
6  membership in a protected class.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.
7  1998), *cert. denied*, 525 U.S. 1154 (1999).

8  Thus, the Court finds that Plaintiff's allegations are insufficient to prove invidious
9  discriminatory intent.  *Village of Arlington Heights v. Metropolitan Housing Development Corp.*,
10 429 U.S. 252, 265 (1977).  Plaintiff's Fourteenth Amendment equal protection claims are
11 dismissed for failing to state a claim upon which § 1983 relief can be granted.

12 **D.  Access to Courts claim**

13 Plaintiff also claims that he has been denied the right to "petition the government
14 (Federal) for redress of grievances."  (Compl. at 20.)  Prisoners do "have a constitutional right
15 to petition the government for redress of their grievances, which includes a reasonable right of
16 access to the courts."  *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley*
17 *v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995).  In *Bounds*, 430 U.S. at 817, the Supreme Court held
18 that "the fundamental constitutional right of access to the courts requires prison authorities to
19 assist inmates in the preparation and filing of meaningful legal papers by providing prisoners
20 with adequate law libraries or adequate assistance from persons who are trained in the law."
21 *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  To establish a violation of the right to access to the
22 courts, however, a prisoner must allege facts sufficient to show that:  (1) a nonfrivolous legal
23 attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded,
24 and (2) he has suffered an actual injury as a result.  *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).
25 An "actual injury" is defined as "actual prejudice with respect to contemplated or existing
26 litigation, such as the inability to meet a filing deadline or to present a claim."  *Id.* at 348; *see*
27 *also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171
28 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Moreover, Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific defendant's actions. *Lewis*, 518 U.S. at 351.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted. *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

**E.    Heck Bar**

Plaintiff claims that Defendants use of the disciplinary convictions against him have caused his parole date to be delayed. To the extent that Plaintiff seeks money damages based on these claims, his request is barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent

prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's claims "necessarily imply the invalidity" of his disciplinary convictions which have allegedly delayed his parole date. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997). Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. Thus, a suit for money damages based on his disciplinary convictions which have allegedly delayed his parole date is not yet cognizable. Accordingly, because Plaintiff seeks damages for allegedly unconstitutional disciplinary proceedings, and because he has not shown that his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

Plaintiff also requests that the Court take judicial notice of the fact that he has brought these same Due Process claims in an action brought pursuant to 28 U.S.C. § 2254. (*See* Pl.'s Notice of Related Case, Doc. No. 3.) A court "may take notice of proceedings in other courts,

both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Because the issue of whether Plaintiff's due process rights based on the same set of facts at issue in this case are being decided in the 2007 case, these claims must also be dismissed as duplicative. A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has already litigated the same claims presented in the instant action in *Cohea v. Scribner, et al.*, S.D. Cal. Civil Case No. 07cv2013 JAH (JMA), the Court hereby **DISMISSES** Plaintiff's due process claims that arise from his disciplinary hearings. *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

## III.

## Motion for Preliminary Injunction

### A. Legal Standard

In order to demonstrate the need for preliminary injunctive relief a party must show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005). Where a party demonstrates that a public interest is involved, a "district court must also examine whether the public interest favors the plaintiff." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

### B. Scope

In determining the scope of injunctive relief that interferes with the affairs of a state agency, the court must ensure, out of federalism concerns, that the injunction "heel[s] close to the identified violation," *Gilmore v. California*, 220 F.3d 987, 1005 (9th Cir. 2000) (citation omitted), is not overly "intrusive and unworkable ... [and] would [not] require for its enforcement the continuous supervision by the federal court over the conduct of [state officers]." *O'Shea*, 414 U.S. at 500, 501; *see also Armstrong v. Davis*, 275 F.3d 849, 872 (9th Cir. 2001).

As the Ninth Circuit has noted, these concerns have been codified in the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA). *See Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001) (PLRA "has not substantially changed the threshold findings and standards required to justify an injunction."). The PLRA requires that prospective injunctive relief against a state prison system be "narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." *Id.* at § 3626(a)(1); *Armstrong*, 275 F.3d at 872.

### C.   Likelihood of Success on the Merits

Under the first test for a preliminary injunction, the moving party must demonstrate "high probability of success on the merits" of the case. *See Associated Gen. Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1412 (9th Cir. 1991). While Plaintiff's Motion is far from clear, it appears that he is seeking relief based on the alleged constitutional claims which the Court has already found to be deficient as set forth above. Thus, he cannot meet the threshold burden of a likelihood of success on the merits.

### D.   Irreparable Harm

A plaintiff seeking a preliminary injunction must also demonstrate he will be exposed to irreparable harm. *Caribbean Marine Services*, 844 F.2d at 674. However, a plaintiff need not have suffered an actual injury to meet this requirement. *Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990). While speculative injury does not constitute sufficient irreparable injury, a "strong threat of irreparable injury before trial is an adequate basis." *Id.* Plaintiff's allegations are related to incidents that occurred at a prison where he is no longer housed and are alleged to have occurred several years ago. Thus, Plaintiff has not identified an irreparable harm.

Accordingly, for all the above stated reasons, Plaintiff's Motion for Temporary Restraining Order and Injunctive Relief is **DENIED**.

///
///
///
///

# IV.

## CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 3] is **DENIED** without prejudice.

2. Plaintiff's Motions to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. Nos. 2, 4] are **GRANTED**.

3. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

6. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: March 23, 2010

*[signature]*
IRMA E. GONZALEZ, Chief Judge
United States District Court