UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA, CDCR #J-13647,<br><br>            Plaintiff,<br><br>vs.<br><br>DINA M. PATZLOFF, et al.,<br><br>            Defendants. | Civil No.    10cv0437 IEG (RBB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

**I.**

**Procedural History**

On February 25, 2010, Danny James Cohea ("Plaintiff"), a state prisoner currently incarcerated at Corcoran State Prison located in Corcoran, California, and proceeding in pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead he filed two Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2, 4], and a Motion for Temporary Restraining Order ("TRO") [Doc. No. 3].

On March 23, 2010, the Court denied Plaintiff's Motion for a TRO, granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim. *See*

Mar. 23, 2010 Order at 10-11.  Plaintiff then filed a Motion for Reconsideration of the Court's March 23, 2010 Order which was denied by the Court on June 1, 2010 but the Court did sua sponte provide Plaintiff an extension of time to file his First Amended Complaint.  *See* June 1, 2010 Order at 4.  Plaintiff filed a Notice of Appeal on July 7, 2010.  In addition, Plaintiff filed a Motion for Extension of Time to File Amended Complaint which was granted by the Court. *See* Aug. 13, 2010 Order at 3-4.  Plaintiff filed his First Amended Complaint ("FAC") on October 25, 2010.  On November 2, 2010, the Ninth Circuit Court of Appeals issued an Order dismissing Plaintiff's appeal [Doc. No. 14].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its prior Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000)  (§ 1915A); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  However, in giving liberal interpretation to a

pro se civil rights complaint, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### A.     42 U.S.C. § 1983 Liability

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

### B.     Rule 8

Once again, the Court finds that Plaintiff's First Amended Complaint fails to comply with Rule 8.    Specifically, Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(1) & (2).  Plaintiff's First Amended Complaint is rambling and incomprehensible at times. If Plaintiff chooses to file an Amended Complaint, he must not only comply with Rule 8, he must abide by S.D. CIVLR 8.2(a) (providing that complaints by prisoners must use the court approved form and may attach no more than fifteen (15) additional pages.)

### C.     Access to Courts claim

Plaintiff alleges that prison officials lost his personal property, including his legal materials, which has hampered his ability to pursue his "civil rights litigation." *See* FAC at 33. Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate

assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, Plaintiff has failed to alleged any actions with any particularity that have *precluded* his pursuit of a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and ... to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Moreover, Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific defendant's actions. *Lewis*, 518 U.S. at 351.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by any individual defendant's actions that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus that was not "frivolous." *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] ... the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, Plaintiff's access to courts claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

///

**D.     Heck Bar**

Plaintiff claims that Defendants use of the disciplinary convictions against him have caused his parole date to be delayed. Plaintiff references two different disciplinary hearings, one that occurred in 2006 and one that occurred in 2007. For all the reasons that the Court stated in the March 23, 2010 Order, any and all claims relating to Plaintiff's 2006 disciplinary hearing are dismissed without leave to amend. To the extent that Plaintiff seeks money damages based on the claims related to his 2007 disciplinary hearings, his request is barred by *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's claims "necessarily imply the invalidity" of his disciplinary convictions which have allegedly delayed his parole date. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120

F.3d 1023, 1025 (9th Cir. 1997).   Plaintiff's First Amended Complaint, like his original Complaint, alleges no facts sufficient to satisfy *Heck*.   Thus, a suit for money damages based on his disciplinary convictions which have allegedly delayed his parole date is not yet cognizable.   Accordingly, because Plaintiff seeks damages for allegedly unconstitutional disciplinary proceedings, and because he has not shown that his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his First Amended Complaint must be dismissed without prejudice.   *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

### E. Due Process claims

Even if Plaintiff's claims related to his 2007 disciplinary hearings were not barred by *Heck*, they must be dismissed for failing to allege a Fourteenth Amendment due process claim. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).   However, the Supreme Court has significantly limited the instances in which due process can be invoked.   Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of his placement in Ad-Seg which show "the type of atypical, significant

deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Sandin*, 515 U.S. at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has failed to allege such facts and thus, the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of ad-seg, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

### F. Retaliation

To the extent Plaintiff claims Defendants have retaliated against him, he must allege facts sufficient to show that: (1) he was retaliated against for exercising his constitutional rights, (2) the alleged retaliatory action "does not advance legitimate penological goals, such as preserving institutional order and discipline," *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam), and (3) the defendants' actions harmed him.[1] *See Rhodes v. Robinson*, 380 F.3d 1183,

---

[1] "[A] retaliation claim may assert an injury *no more tangible* than a chilling effect on First Amendment rights." *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir.2001) (emphasis original). "Without alleging a chilling effect, a retaliation claim without allegation of other harm is not actionable."

1131 (9th Cir. 2004) ("Our cases, in short, are clear that any retribution visited upon a prisoner due to his decision to engage in protected conduct is sufficient to ground a claim of unlawful First Amendment retaliation--whether such detriment "chills" the plaintiff's exercise of his First Amendment rights or not."); *see also Resnick*, 213 F.3d at 449; *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997).

Plaintiff has failed to allege that Defendants' actions failed to "advance legitimate penological goals," *Barnett*, 31 F.3d at 815-16, that he was harmed as a result of exercising his First Amendment rights, *Rhodes*, 380 F.3d at 1131, or has been otherwise 'chilled' in relation to the exercise of his rights. *Resnick*, 213 F.3d at 449; *Hines*, 108 F.3d at 269. Here, Plaintiff claims that Defendant Patzloff instigated disciplinary proceedings because she was "caught staring" at Plaintiff's genitals. *See* FAC at 14. Plaintiff does not allege that he was exercising his First Amendment rights. Moreover, Plaintiff's allegations are no more than a "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1940 (2009) (citations omitted).

For all the above stated reasons, and those set forth in the Court's March 23, 2010 Order, Plaintiff's First Amended Complaint is dismissed for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Plaintiff will be provided one final opportunity to correct the deficiencies of pleading identified by the Court.

### III.
### CONCLUSION AND ORDER

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** sixty (60) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants

---

*Id.* Thus, while many plaintiffs alleging retaliation can show harm by pointing to the "chilling effect" such acts may have had on the exercise of their First Amendment rights, "harms entirely independent from a chilling effect can ground retaliation claims." *Rhodes*, 380 F.3d at 1131.

not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

**DATED: November 10, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**